IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALISA J. BOATMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. CIV-12-184-M |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

## PROCEDURAL HISTORY

Plaintiff's application for DIB, alleging a disability beginning April 7, 2005, was denied on initial consideration and on reconsideration at the administrative level (TR. 13). An ALJ held the first of two *de novo* hearings on October 8, 2008 (TR. 30-66). The ALJ issued her first decision on June 15, 2009, finding that Plaintiff was not

disabled (TR. 124-132). On February 8, 2011, the Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ (TR. 135-136). The Appeals Council determined that the ALJ had erroneously considered the date last insured to be January 31, 2008, rather than December 31, 2008. The Appeals Council directed the ALJ to hold a supplemental hearing; consider the entire applicable period in determining whether Plaintiff were disabled before the date she was last insured; evaluate Plaintiff's allegations of severe pain and fibromyalgia; further consider Plaintiff's maximum residual functional capacity (RFC); and, if warranted by the expanded record, obtain supplemental evidence from a vocational expert (TR. 135-136).

The ALJ held a second administrative hearing on April 5, 2011 (TR. 67-119) and issued a second unfavorable decision on June 15, 2011 (TR. 13-28). The Appeals Council denied Plaintiff's request for review on January 19, 2012, (TR. 1-3), making the decision of the ALJ the final decision of the Commissioner.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including

anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the date of her alleged onset of disability (TR. 16). At step two the ALJ found that Plaintiff had severe impairments including interstitial cystitis; fibromyalgia; migraine headaches; depression; and anxiety (TR. 16). At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments meets or equals the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 21). At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the Administrative Law Judge finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.157(b) with some limitations. The claimant occasionally could lift and/or carry 20 pounds, and frequently could lift and/or carry 10 pounds. She could push or pull the same amount of weight. The claimant could stand and/or walk for a total of six hours in an eight-hour workday, and could sit for a total of six hours in an eight-hour workday. She needed a sit/stand option at the workstation. The claimant occasionally could

> climb ramps, balance, stoop, kneel, crouch or crawl and could not do any reaching overhead. During the relevant time period, she should not have climbed stairs or been exposed to unprotected heights. She should have avoided concentrated exposure to temperature extremes, humidity, loud noises, and dangerous or hazardous moving machinery. Through her date last insured, she needed to be able to make frequent trips to the bathroom throughout the day. The claimant was moderately limited in her ability to: understand, remember, and carry out detailed instructions; maintain attention and concentration; maintain a schedule and arrive on time to work; respond to changes in the work setting; and set goals or make plans independently. As used herein, the term "moderately limited" indicates the claimant could perform the task, but would experience some difficulty doing so

(TR. 22). At step four, the ALJ determined that, during the relevant period, Plaintiff was capable of performing her past relevant work (PRW) as a secretary, a manager, and an assistant manager, retail (TR. 26). Alternatively, the ALJ determined that Plaintiff had the RFC to perform the full range of light work (TR. 28).

## ISSUE PRESENTED

Plaintiff contends that the ALJ failed to properly evaluate the medical opinion of her treating physician, Dr. Rachel Franklin; that the ALJ's RFC assessment is not supported by substantial evidence; and that the ALJ erred in her analysis of Plaintiff's credibility.

## ANALYSIS

Plaintiff contends that the ALJ erred in the weight she assigned to Dr. Franklin's treating medical source opinion concerning limitations caused by fibromyalgia (See Plaintiff's Brief at pages 14-18). This point is well-taken.

4

The Tenth Circuit Court of Appeals has long recognized the proper analysis and assignment of weight to be given to the opinions of treating and non-treating sources. When considering the opinion of an "acceptable medical source" such as the Plaintiff's treating physician, the ALJ must first determine whether the opinion should be given "controlling weight" on the matter to which it relates. *See Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). The opinion of a treating physician must be given controlling weight if it is well-supported by medically acceptable clinical or laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Id.* (applying SSR 96–2p, 1996 WL 374188, at *2); 20 C.F.R. §§ 404.1527(d)(2). If the opinion is deficient in either of these respects, it should not be given controlling weight.

Even if the opinion of a treating physician is not entitled to controlling weight, however, it is still entitled to deference. The ALJ must clearly state the weight the opinion is being given, even if it is being rejected. The ALJ must specify the reasons for the weight afforded the opinion, and her reasons must be closely tied to the factors specified in the regulations. *See Watkins*, 350 F.3d at 1300–01. Remand is required only if the ALJ does not adequately support the weight he assigned to the opinion of an acceptable medical source. As the relevant ruling explains:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§§ ] 404.1527 and 416.927. In many cases, a

5

>treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96–2p, 1996 WL 374188, at *4. That an opinion is not given controlling weight does not resolve the second, distinct inquiry. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) (holding that while absence of objective testing provided basis for denying controlling weight to treating physician's opinion, "[t]he ALJ was not entitled, however, to completely reject [it] on this basis"). This second inquiry is governed by its own set of factors: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *See Id.* at 1119 (quotation omitted). In applying these factors, the ALJ's findings must be "sufficiently specific to make clear to any subsequent reviewers the weight she gave to the treating source's medical opinion and the reason for that weight." *Id.* (quotation omitted).

Dr. Franklin began treating Plaintiff in August 2007. After having attended Plaintiff ten times during the preceding months, Dr. Franklin completed a Fibromyalgia Residual Functional Capacity Questionnaire on October 23, 2008, in which she stated that Plaintiff met the American Rheumatological Criteria for Fibromyalgia (TR. 427-432). Dr. Franklin stated that she also had been treating Plaintiff for migraine headaches and irritable bowel syndrome (TR. 427). Dr. Franklin indicated on the questionnaire that

Plaintiff's symptoms include multiple tender points, chronic fatigue, morning stiffness, muscle weakness, subjective swelling, irritable bowel syndrome, frequent severe headaches, female urethral syndrome and anxiety – symptoms all associated with fibromyalgia (TR. 428). Dr. Franklin stated that Plaintiff frequently experienced symptoms severe enough to interfere with her attention and concentration (TR. 429). Although Dr. Franklin first stated that the remainder of the questionnaire should be completed by a disability physician, she ultimately completed the form "with my best medical judgment" (TR. 429). It was Dr. Franklin's best medical judgment that Plaintiff could sit less than two hours total in an eight-hour workday; and stand or walk less than two hours total in an eight-hour workday. Dr. Franklin indicated that Plaintiff would need a sit/stand option and that she would need to take unscheduled breaks during an eight-hour workday. Dr. Franklin limited Plaintiff to occasionally lifting and carrying less than 10 pounds and stated that Plaintiff would have significant limitations in doing repetitive reaching, handling or fingering (TR. 431). Perhaps most importantly, Dr. Franklin opined that Plaintiff would be absent from work because of her impairments more than three times a month (TR. 432).

Dr. Franklin's opinions regarding Plaintiff's mental impairments are supported by the findings of Dr. Martin Krimsky, Ph.D., to whom Plaintiff was sent for a consultative evaluation on January 28, 2009 (TR. 437-441). After testing Plaintiff's memory and fund of knowledge, Dr. Krimsky found memory impairment, which he attributed to her pain:

> Mental status examination indicates an individual oriented in basic spheres who shows no psychotic symptoms but describes daily life as largely dominated by pain and poor memory. There is no indication of psychotic process[,] and she seems to be of low average verbal ability. As indicated

> by testing, memory function is impaired. In the delayed format[,] she retains two of five cities after a five-minute interval, and with repetition and an additional three minutes, again recalls two but has lost and gained one. Immediate memory is very weak . . . .. I had no impression she was trying to "fake bad." Immediate recall of meaningful verbal material is far less than average . . . . Concentration is fuzzy

(TR. 437).

Dr. Franklin's diagnosis of fibromyalgia is also supported by the January 18, 2007 report of Dr. Karen Rice who noted that Plaintiff exhibited tenderness in five out of eighteen possible tender points associated with fibromyalgia. Dr. Rice stated that fibromyalgia might be the most appropriate diagnosis, even though Plaintiff did not, at that time, meet the formal criteria of at least eleven tender points for a formal diagnosis of fibromyalgia (TR. 336).

The ALJ stated that Dr. Franklin's opinion was not entitled to controlling weight and was being given only "some weight." The ALJ characterized Dr. Franklin's opinion, as expressed in answers to the Fibromyalgia Residual Functional Capacity Questionnaire, as "inconsistent with her contemporaneous notes during the relevant time period" (TR. 25). But the ALJ's citations to a few stray comments in the medical records do not constitute substantial evidence in support of her decision to give Dr. Franklin's opinion "little weight" (TR. 25-26). Dr. Franklin's medical notes document symptoms attributable to fibromyalgia. On August 30, 2007, Dr. Franklin noted that Plaintiff was easily fatigued and experienced a lot of pain, primarily in her legs, neck and low back. Plaintiff reported that she sometimes was awakened by pain (TR. 397). On October 29, 2007, Plaintiff reported waking tired and nervous. She further reported that she was easily nervous, excitable and easily upset. Dr. Franklin stated that both

she and Plaintiff believed Plaintiff was taking too much medicine but that "we both understand the need to keep her symptoms under control" (TR. 393). Dr. Franklin added Lyrica to Plaintiff's list of medications (TR. 395). On November 29, 2007, Plaintiff reported some improvement in her pain on Lyrica, but also reported more anxiety and increased outbursts (TR. 389).

The ALJ's justification for giving "little weight" to Dr. Franklin's medical opinion is not supported by substantial evidence in the record. This error alone requires this court to reverse the Commissioner's final decision and remand the case for further proceedings. On remand, the Commissioner will necessarily reconsider Plaintiff's RFC and credibility in light of further review of Dr. Franklin's treating source opinion. Therefore, this court need not consider Plaintiff's remaining assignments of error.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **February 26, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on February 8, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE